FU ZHENG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–2836–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lin Li, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Fu Zheng, a citizen of the People's Republic of China, seeks review of a June 13, 2007 order of the BIA affirming the August 20, 2003 decision of Immigration Judge ("IJ") Sandy Hom denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fu Zheng,* No. A 78 864 409 (B.I.A. June 13, 2007), *aff'g* No. A 78 864 409 (Immig. Ct. N.Y. City, Aug. 20, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Zheng failed to contest the IJ's denial of CAT relief in his appeal to the BIA. Thus, we are without jurisdiction to consider any challenge to the denial of that relief. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). We, therefore, dismiss the petition for review to that extent. 8 U.S.C. § 1252(d)(1).

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law re-

garding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007)). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ The record supports the IJ's determination that Zheng failed to establish eligibility for asylum. Zheng claimed that after the authorities disrupted a church gathering at his home and arrested his friend, a Falun Gong practitioner, who had been hiding there, he went into hiding himself. However, we cannot find, contrary to the agency, that hiding for less than one month to avoid arrest rises to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (concluding that "[w]ith regard to the threat of detention, the threat itself … is not past persecution"); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Zheng did not otherwise assert that he was arrested, detained, or interrogated regarding his practice of Christianity, or that he was harmed in any manner for hiding a Falun Gong practitioner in his home. *Cf. Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006).

Accordingly, the IJ reasonably found that, under these circumstances, Zheng failed to demonstrate past persecution. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216, 222 (BIA 1985).

■ The record also supports the IJ's finding that Zheng failed to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1101(a)(42). The IJ properly found that Zheng did not have an objectively reasonable fear of future harm where nothing in the record compels the conclusion that the authorities currently intend to arrest or otherwise persecute him. The letter Zheng's wife submitted, stating that the authorities visited their home while Zheng was still in China, fails to establish that they maintain any interest in detaining him.

Zheng refers in his brief to country reports that were not in the record before the BIA on appeal. These reports cannot show, however, that Zheng personally has a well-founded fear of future persecution, and he does not raise an argument that they establish that there is a pattern or practice of persecuting Christians and Falun Gong practitioners in China. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Accordingly, any such argument is deemed waived and we need not address it. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *cf. Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007).

Additionally, the fact that Zheng's pastor and other members of his church group have lived in China safely undercut his assertion that he will be singled out for persecution for being Christian if he returned. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

These circumstances would not compel a reasonable adjudicator to find that Zheng established a well-founded fear of persecution based on his Christianity and the one-time support he provided to a Falun Gong practitioner. *See* 8 U.S.C. § 1252(b)(4)(B). Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).